**SKANDIA AMERICA REINSURANCE CORPORATION, Plaintiff,**

v.

**J. Richard BARNES, Commissioner of Insurance of the State of Colorado, as Receiver for Manufacturers and Wholesalers Indemnity Exchange and California Insurance Guarantee Association, Defendants.**

**Civ. A. No. 76 M 981.**

United States District Court,
D. Colorado.

May 2, 1978.

Donald K. Bain and Stuart N. Bennett, Holme Roberts & Owen, Denver, Colo., for plaintiff.

Sidney W. DeLong, Ireland, Stapleton, Pryor & Holmes, P. C., Denver, Colo., for defendant J. Richard Barnes, Commissioner of Insurance of the State of Colorado, as receiver for Manufactures and Wholesalers Indemnity Exchange.

David A. Bottger, Grant, McHendrie, Haines & Crouse, P. C., Denver, Colo., for defendant California Ins. Guarantee Ass'n.

## MEMORANDUM OPINION AND ORDER

MATSCH, District Judge.

Skandia America Reinsurance Corporation ("Skandia") brought this action for interpleader and for declaratory relief under 28 U.S.C. §§ 1332, 1335, 2201 and 2361 because of conflicting claims for payment of Skandia's obligation to Manufacturers and Wholesalers Indemnity Exchange ("M & W"), under an Excess of Loss Reinsurance Agreement, effective December 31, 1973. When this case began, Skandia had been sued in a California court by California Insurance Guarantee Association ("CIGA") for $10,000.00 and litigation expenses from an action against Chandelle Corp., an insured of M & W, which CIGA had settled for $40,000.00. The conflicting claim was made by J. Richard Barnes, as court appointed receiver for M & W under a Colorado statute governing the liquidation of insurance companies domiciled in that state. By agreement of the parties, the liability of Skandia was discharged by the payment of a stipulated amount into the court registry and the only question presented by the defendants' cross motions for summary judgment is that of entitlement.

### I. The Undisputed Facts.

M & W was a reciprocal insurance exchange, organized under Colorado law, with its principal place of business in Denver. M & W sold casualty insurance as a licensed insurer in most states, including California. The Excess of Loss Reinsurance Agreement (the "Treaty") with Skandia was made in January, 1974. In consideration of M & W's premium payments, Skandia agreed to indemnify M & W for any loss in excess of $30,000.00 up to certain monetary limits on each covered loss occurrence. The Treaty contained the following provision for payment upon insolvency:

In the event of insolvency of EXCHANGE [M & W], this reinsurance shall be payable by SKANDIA on the basis of the liability of EXCHANGE under the policies reinsured hereunder without dim-

inution because of such insolvency, (or because the liquidator, receiver, conservator or statutory successor of EXCHANGE has failed to pay all or a portion of any claim) directly to EXCHANGE or its liquidator, receiver, conservator or statutory successor, except: (a) where the policy specifically provides another payee of such reinsurance in the event of the insolvency of EXCHANGE and (b) where SKANDIA with the consent of the direct Insured or Insureds have assumed such policy obligations of EXCHANGE as direct obligations of SKANDIA to the payee under such policies and in substitution for the obligations of EXCHANGE to such payees.

M & W was placed in conservatorship on January 15, 1975. Efforts to rehabilitate the company failed and on December 1, 1975, the District Court in and for the City and County of Denver placed M & W in receivership and appointed defendant J. Richard Barnes as Receiver. The order of appointment authorized Barnes "to take and have complete and exclusive control, possession, and custody all of the assets and property" of M & W, subject to the provisions of the Uniform Insurers Liquidation Act, C.R.S.1973 § 10–3–501 *et seq.* § 10–3–503 of that Act provides, in pertinent part:

> The domiciliary receiver and his successors in office shall be vested by operation of law with the title to all the property, contracts and rights of action and all the books and records of the insurer wherever located, as of the date of entry of the order directing possession to be taken, and he has the right to recover the same and reduce the same to possession . . .

CIGA was established by California statute as an association of insurers doing business in that state to protect California insureds. Similar to insurance guaranty funds in other states, CIGA raises money to pay the claimants of an insolvent insurer by making assessments against its member insurers. As a casualty insurer doing business in California, M & W was required to be a member of CIGA. Having paid the $40,000.00 Chandelle claim on behalf of M &

W, CIGA now seeks to recover the $10,-000.00 sum representing Skandia's liability on its reinsurance contract with M & W, relying principally on the following language of § 1063.2(d) of the California Insurance Code:

> The association [CIGA] shall receive the benefit of any amounts recoverable on reinsurance contracts or treaties entered into by the insolvent insurer which cover any of the liabilities incurred by the insolvent insurer in the category or categories involved provided such benefits shall be limited to payments upon or loss adjustment expenses or defense costs actually paid out by the association (including defense costs, if any, unpaid at the date of insolvency) on account of claims covered in such contract or treaties. The commissioner, as liquidator, shall receive the benefit of any such reinsurance recoverable to the extent of payments on claims, loss adjustment expenses or defense costs made prior to the order of liquidation.

## II. The CIGA Claim.

The CIGA claim has been presented as a simple syllogism. A receiver occupies the same position as the insolvent insurer. M & W was bound by § 1063.2(d) of the California Insurance Code because it transacted business in that state. Therefore, the Colorado receiver is also bound by that statute. The language of that statute unequivocally gives CIGA the benefit of any recovery under the reinsurance contract.

CIGA contends that this result is not in conflict with the Colorado statute or the provisions of the Treaty. § 10–3–503(2) is said to do nothing more than state the general rule that the receiver succeeds to the insolvent's property rights and CIGA claims to be the "statutory successor" of M & W under the language of Article XXI of the Treaty.

## III. The Receiver's Claim.

The receiver's claim may also be stated simply. Article XXI of the Treaty provides for payment to the "statutory successor" of

M & W. He is the statutory successor and payment should, therefore, be made to him as a matter of contract. Additionally, the Colorado statute vests the receiver with all of the property of the insurer, including all rights of action.

### IV. The Conflict.

 While both counsel have argued imaginatively against the applicability of the respective state statutes, the conflict between them is unavoidable. The regulation of the insurance business has been left to the states and insurance companies are exempted from the provisions of the Bankruptcy Act. 11 U.S.C. § 22(a). By adopting the Uniform Insurers Liquidation Act, Colorado established a system for the equitable and orderly liquidation of domiciliary insurance companies by giving the Commissioner of Insurance the authority to collect all of the company's assets for ratable distribution among the claimants, including policy holders, general creditors and stockholders. The courts of Colorado have jurisdiction to determine disputes which arise under this procedure.

The California legislature has sought to protect the citizens of that state against loss from the insolvency of insurance companies doing business there by the use of the guaranty fund. The CIGA claim is a creature of that statutory scheme of protection. A recognition of it as a direct right of recovery against the reinsurance company would bypass the Colorado liquidation procedure and provide a preference for CIGA as a creditor of the insolvent company. The assertion of that claim has been disruptive of the receiver's performance of his statutory function to collect and marshal all of the assets of the insolvent company for distribution to creditors according to their rights. This interpleader action was necessary for Skandia to avoid double liability which would result if the courts of Colorado and California reached conflicting results.

The contractual liability of Skandia under Article XXI of the Treaty is to pay the "statutory successor" of M & W. That is the Colorado receiver. The California statute which would change that result is not applicable because it is in conflict with the law of the domiciliary state.

By resolving the conflict in favor of the Colorado receiver, this court does not deny the claim of CIGA for reimbursement for the amount which it has paid to settle the claim against Chandelle Corporation as an insured of M & W. That claim can be presented to the receiver and the contentions which have been made here can be asserted to be a basis for an equitable priority to be adjudicated by the Colorado court. What is now decided is that the reinsurance contract payment must be included among the assets which are within the primary jurisdiction of the domiciliary state, Colorado. For these reasons, the CIGA motion for summary judgment must be denied and the receiver's motion for summary judgment is granted. It is, therefore,

ORDERED that summary judgment is entered in favor of J. Richard Barnes, Commissioner of Insurance of the State of Colorado, as Receiver for Manufacturer's and Wholesalers Indemnity Exchange and the Clerk is directed to make payment of the funds deposited in the registry of the court to that receiver. Costs will be taxed in favor of the receiver and against CIGA upon a bill of costs to be filed within ten days from the date of judgment.